UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMIGUA BELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01910-X |
| | § | |
| MARMAXX OPERATING CORP, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Marmaxx Operating Corp.'s (Marmaxx) motion for summary judgment. [Doc. No. 15]. After careful consideration, and as explained below, the Court **GRANTS** Marmaxx's motion for summary judgment and **DISMISSES** Bell's claims.

### I.   Factual Background

This case arises from plaintiff Amigua Bell's alleged slip and fall in a Marshalls store bathroom in Mesquite, Texas, on or about December 22, 2018. According to Bell's complaint, she slipped on "moisture" on the floor. Bell attempted to brace herself on the sink and countertop to avoid falling, but when she did so the countertop separated from the wall. Bell fell to the ground, sustaining various injuries. Bell sued Marmaxx (the owner of the Marshalls store) in this Court under diversity jurisdiction for damages related to her fall, and Marmaxx filed a motion for summary judgment.

1

## II. Legal Standard

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party,[1] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[3] "When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial."[4]

## III. Analysis

As a threshold matter, the Court notes that Marmaxx argued in its summary judgment motion that Bell improperly brought her claim as one for negligence when it should have been brought as one for premises liability. Because the Court concludes, as explained below, that summary judgment is proper on either claim, it need not address which claim is the appropriate one here. Under Texas law, to recover damages in a premises liability, slip-and-fall case, a plaintiff must prove:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

---

[1] *Howell v. Town of Ball*, 827 F.3d 515, 522 (5th Cir. 2016).

[2] FED. R. CIV. P. 56(a).

[3] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[4] *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636 (5th Cir. 1999).

  (3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

  (4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.[5]

Meanwhile, to prevail on a negligence claim, a plaintiff must prove: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach."[6] Marmaxx alleges that Bell has no evidence to support each individual element of either a premises liability or negligence claim against Marmaxx.

  Bell does not point to any evidence at all to disprove Marmaxx's contention and demonstrate that a genuine dispute of material fact exists here. Rather, Bell's only argument is that a "no evidence" summary judgment motion has no place in federal court, so Marmaxx's motion failed to shift the burden to Bell to point to any evidence that supports the elements of her claim. Although neither party cites to it, the Fifth Circuit addressed this exact issue in 2017 in a case also arising from a slip and fall. In *Austin v. Kroger*, the Fifth Circuit responded to the contention that federal law does not allow such "no evidence" summary judgment motions by explaining that

> it has long been the rule that when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case.[7]

In a footnote, the Fifth Circuit explained an "important distinction:"

---

[5] *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

[6] *Gann v. Anheuser-Busch, Inc.*, 394 S.W.3d 83, 88 (Tex. App.—El Paso, 2012, no pet.).

[7] *Austin v. Kroger Texas L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

3

> [W]hile it is true that a movant cannot support a motion for summary judgment with a conclusory assertion that the nonmovant has no evidence to support his *case*, a movant may support a motion for summary judgment by pointing out that there is no evidence to support a *specific element* of the nonmovant's claim.[8]

Accordingly, the Fifth Circuit concluded that "[the movant] satisfied its summary judgment burden when it alleged that there was no evidence of causation—an essential element to [the nonmovant's] ordinary negligence claim."[9]

As the Fifth Circuit noted, it was not announcing a new rule in *Austin*. Rather, the Fifth Circuit had previously explained the distinction between a summary judgment motion alleging that there is no evidence to support a claim in general and one alleging that there is no evidence to support specific elements. For example, in *Ashe v. Corley*, a case Bell cites, the nonmovants argued that the summary judgment motion had not shifted the burden of proof to the movant by alleging a lack of evidence to support the nonmovant's claim in general.[10] Accordingly, as here, the nonmovants did not point to any evidence whatsoever to support their claims. Although the Fifth Circuit agreed with the nonmovants, it warned that they had "truly walked the razor's edge with their response to the [movant's] motion. Had the [movant] pointed to an absence of fact on *any* essential element of either of the [nonmovants'] claims, the [nonmovants'] response would have been completely inadequate to prevent summary judgment."[11]

---

[8] *Id.* at 335 n.10.

[9] *Id.* at 335.

[10] *Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993).

[11] *Id.* at 544 n.5.

Since *Austin*, every district court opinion that this Court has found has read it to stand for the principle that the burden shifts to the nonmovant to show that she has evidence if, as Marmaxx has done here, the movant alleges that there is no evidence to support specific elements of the nonmovant's claim. For example, in *Cid v. Wal-Mart Stores East, Inc.*, the court explained that "in the realm of premises liability, a no evidence motion for summary judgment is feasible—so long as the movant points out that there is no evidence to support a specific element of the nonmovant's claim."[12] In *Dillick v. Price Pfister, Inc.*, the court granted summary judgment where the movant alleged that the plaintiff had no evidence to prove each element of its products liability, breach of warranty, fraud, negligent misrepresentation, Texas Deceptive Trade Practices Act, and intentional infliction of emotional distress claims.[13] In *Berry v. Golla*, the court granted summary judgment based on the movant's allegation that the record contained no evidence as to three specific elements of the nonmovant's vicarious liability negligence claim.[14]

Here, Marmaxx has not merely made conclusory allegations that Bell lacks evidence to support her claim in general. Rather, Marmaxx points to specific elements for which there is no evidence. Accordingly, by alleging that Bell lacks evidence to prove specific elements of her claim, Marmaxx shifted the burden to Bell

---

[12] *Cid v. Wal-Mart Stores East, Inc.*, No. 3:19-0012-C, 2020 WL 3485622, at *2 (N.D. Tex., May 18, 2020) (Cummings, J.).

[13] *Dillick v. Price Pfister, Inc.*, No. 3:18-CV-00400, 2020 WL 4677688, at *1 & n.1 (S.D. Tex. June 8, 2020) ("Here, the defendants' motion alleges that Dilick has failed to produce evidence of every element for every claim. In doing so, they meet the letter, if not quite the spirit, of what *Austin* requires.").

[14] *Berry v. Golla*, No. H-7-2629, 2018 WL 1453275, at *3 (S.D. Tex. Mar. 23, 2020).

to demonstrate the existence of evidence supporting a genuine issue of material fact. Bell did not do so. So, the Court must grant Marmaxx's motion for summary judgment.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendant's motions for summary judgment and **DISMISSES WITH PREJUDICE** Bell's claims. A final judgment will follow shortly.

**IT IS SO ORDERED** this 23rd day of November 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE